UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   RAILYARD BREWING COMPANY, LLC,                    Case No. 16-12829-t11
a New Mexico Limited Liability Company,

Debtor.

## EMERGENCY MOTION FOR RELIEF FROM AUTOMATIC STAY

Craig H. Dill, Chapter 11 Trustee of the Chapter 11 Bankruptcy Estate of Railyard Company, LLC ("Landlord"), by counsel and pursuant to 11 U.S.C. § 362(d), moves the Court for relief from the automatic stay to permit Landlord to pursue the Lease Rejection Motion, as defined below.  In support of this Motion, Landlord states as follows:

1.       On November 16, 2016 (the "Petition Date"), Railyard Brewing Company, LLC (the "Debtor") commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Title 11 of the United States Code (the "Bankruptcy Code").

2.       Pursuant to Bankruptcy Code §§ 1107 and 1108, the Debtor has retained possession of its assets as debtor-in-possession, is continuing to operate its business, and no trustee or creditor's committee has been appointed.

3.       This Court has jurisdiction over this proceeding pursuant to 11 U.S.C. § 362 and 28 U.S.C. §§ 157 and 1331.  Venue in this Court is proper pursuant to 28 U.S.C. §1409.

4.       On September 4, 2015, Landlord commenced bankruptcy case No. 15-12386-t11 by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court (the "Landlord Bankruptcy Case").

5.       On July 13, 2016, Craig H. Dill was appointed as the Chapter 11 Trustee of the bankruptcy estate in the Landlord Bankruptcy Case and continues to serve in that capacity

6.      In the Landlord Bankruptcy Case, the Estate's primary assets are a ground lease interest in the property located at 500 Market Street, Santa Fe, New Mexico (the "Property"), along with the improvements on the Property, and the landlord's interests in retail leases of spaces at the Property.  The Estate's sole source of income comes from subleasing, managing, and developing the Property.

7.      The Landlord is party to a contract called "Railyard Brewing Company LLC Lease" dated January 30, 2014 by and between Landlord and Debtor (the "Base Lease") and a document called "First Amendment to Lease Agreement" dated May 1, 2015 also between Landlord and Debtor (the "First Amendment").

8.      Debtor asserts that there are two additional amendments to the Base Lease, titled "First Amendment to Retail Lease" (the "Second Amendment") and "Second Amendment to Retail Lease" (the "Third Amendment").  Both are dated November 20, 2014. The Base Lease and the First Amendment, Second Amendment, and Third Amendment are referred to herein as the Lease.  By calling it the Lease, Landlord does not concede that it is *a lease* rather than an executory contract.  Landlord does not concede the authenticity or validity of the Lease.

9.      On August 18, 2016, Landlord filed a Motion to Reject Executory Contract with Railyard Brewing Company, LLC and to Terminate Contract (the "Lease Rejection Motion") (Doc. No. 367 in the Landlord Bankruptcy Case) wherein Landlord requested that the Court enter an order approving the rejection of the Lease, and to the extent appropriate and necessary, and as additional but separate relief, an order terminating the Lease, effective at the earliest possible date.

10.     On September 14, 2016, members of Debtor, Steve Duran and Rick Jaramillo, pro se, filed Objections to the Lease Rejection Motion in the Landlord Bankruptcy Case (Doc. Nos.

407 and 408 in the Landlord Bankruptcy Case). Steve Duran and Rick Jaramillo are also members of the Debtor.

11.     On November 8, 2016, the Court entered a scheduling order setting a final hearing on the Lease Rejection Motion in the Landlord Bankruptcy Case for November 16, 2016 (Doc. No. 465).

12.     Debtor filed this bankruptcy case after the trial had already commenced.

13.     Landlord seeks an order modifying the automatic stay provided by 11 U.S.C. § 362 so that Landlord may proceed with the final hearing on the Lease Rejection Motion in the Landlord Bankruptcy Case on November 16, 2016.

14.     Standard of Relief.  The Court will grant a party relief from the automatic stay based on a showing of "cause." 11 U.S.C. § 362(d). "Cause" for relief from the automatic stay under 11 U.S.C. § 362 "is a discretionary determination made on a case-by-case basis." *Carbaugh v. Carbaugh (In re Carbaugh),* 278 B.R. 512, 525 (10th Cir. BAP 2002) (citing *Pursifull v. Eakin,* 814 F.2d 1501, 1506 (10th Cir. 1987)). *See also Franklin Sav. Ass'n v. Office of Thrift Supervision,* 31 F.3d 1020, 1023 (10th Cir. 1994) (appellate court reviews trial court's decision on stay relief under an abuse of discretion standard).

15.     The Curtis Factors.  In determining whether to modify the stay to permit a party to continue a prepetition action against the debtor in a non-bankruptcy forum, relevant factors include:

(1)     whether the relief would result in a partial or complete resolution of the issues;
(2)     the lack of any connection or interference with the bankruptcy case;
(3)     whether the foreign proceeding involves the debtor as a fiduciary.
(4)     whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases;
(5)     whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

Case 16-12829-t11    Doc 4    Filed 11/16/16    Entered 11/16/16 09:36:57 Page 3 of 7

(6)     whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

(7)     whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;

(8)     whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);

(9)     whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

(10)   the interest of judicial economy and the expeditious and economical determination of litigation for the parties;

(11)   whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and

(12)   the impact of the stay on the parties and the 'balance of the hurt.'

*In re Curtis*, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984.) "The Curtis factors have been widely adopted by bankruptcy courts." In re Busch, 294 B.R. 137, 141 (10th Cir. BAP 2003). See also, *In re Sunland,* 508 B.R. 739 (Bankr. D. N.M.) (Thuma, J.).

16.     <u>Application of the Curtis Factors.</u>  The weight of the *Curtis* factors is in modifying the stay to allow the Landlord to proceed with the final hearing on the Lease Rejection Motion. Factors in favor of modifying the stay include factors 1, 7, 10, 11, and 12. The only factor in favor of preserving the stay is factor 2. The remaining factors are irrelevant.

     a.     <u>Complete Resolution of the Issues (Factor 1)</u>.  The final hearing on the Lease Rejection Motion will result in a complete resolution of whether the Landlord may reject the Lease in the Landlord Bankruptcy and will necessarily determine the Landlord's and the Debtor's rights with regard to the Lease.

     b.     <u>No prejudice to Creditors, Committee, and Others (Factor 7)</u>.  Even if the Lease were not rejected in the Landlord Bankruptcy Case, the Debtor has no assets or income and cannot propose a Chapter 11 plan which would provide creditors, a committee, or others any meaningful return in this case. The trial on the merits of the Lease Rejection Motion cannot prejudice Creditors regardless of its outcome.

c. <u>Judicial Economy and Expeditions Determination (Factor 10)</u>. The Lease Rejection Motion is ripe for determination. Failure to proceed with the November 16, 2016 hearing will result in unnecessary delay and costs for the parties.

d. <u>Ready for Trial (Factor 11)</u>. The Lease Rejection Motion is ripe for trial on the merits. The parties have exchanged exhibits and are prepared to present argument and evidence on the merits. Witnesses have physically travelled, some from great distances, in order to testify and Landlord has spent considerable time and resources preparing for trial.

e. <u>Landlord is Most Hurt (Factor 12)</u>. Landlord is most hurt by the stay of the trial. At the trial, Landlord will demonstrate that the rejection of the Lease is in the best interests of creditors and the estate in the Landlord Bankruptcy and that the decision to reject was appropriately made within the trustee's business judgment. The delay and cost associated with a stay of the Lease Rejection Motion trial will unduly burden the Landlord's efforts to operate its business and ultimately resolve its bankruptcy case. In contrast, the trial on the Lease Rejection Motion will have no effect on the meaningful reorganization of the Debtor because the Debtor has no assets and no income from which to otherwise effectuate a reorganization.

17. Factor 2 only modestly weighs in favor of preservation of the stay. The Lease Rejection Motion *is* connected with the Debtor's bankruptcy case in that it determines the Debtor's rights with regard to the particular lease at issue. But, litigation on the assumption of the lease will occur in the Debtor's bankruptcy as well and the Landlord's right to reject in its bankruptcy will impact that litigation.

18. The *Curtis* factors weigh heavily in favor of modifying the stay to allow the Landlord to proceed on the Lease Rejection Motion. This bankruptcy case was filed after the trial

Page 5 of 7

had commenced and must not hinder and delay the expeditions determination of the Lease Rejection Motion. Therefore, under 11 U.S.C. §362(d)(1), the automatic stay should be immediately modified to allow the trial currently set for November 16, 2016 to proceed as scheduled.

19.     Due to the emergency nature of this motion, Landlord has not requested the concurrence of the Debtor.

WHEREFORE, Landlord prays that the Court enter an emergency order: (i) modifying the automatic stay to permit the trial on the Lease Rejection Motion to proceed to trial as scheduled; (ii) providing that the order for relief is not to be stayed as provided by Fed. R. Bankr. P. 4001(a)(3); and (iii) granting such other and further relief as the Court deems just and proper.

Respectfully submitted by:

WALKER & ASSOCIATES, P.C.
*s/filed electronically 11/16/2016*
Thomas D. Walker
Leslie D. Maxwell
500 Marquette N.W., Suite 650
Albuquerque, N.M. 87102
(505) 766-9272
e-mail:  twalker@walkerlawpc.com
e-mail:  lmaxwell@walkerlawpc.com
*Attorneys for Trustee*

In accordance with NM LBR 9036-1 and Fed. R. Civ. P. 5(b)(2)(E) and 5(b)(3), this certifies that service of the foregoing document was made on Wednesday, November 16, 2016, via the notice transmission facilities of the case management and electronic filing system of the Bankruptcy

Case 16-12829-t11    Doc 4    Filed 11/16/16    Entered 11/16/16 09:36:57 Page 6 of 7

Court, on all parties entitled to receive electronic filings and served by first class, postage prepaid United States mail to:

Railyard Brewing Company, LLC
500 Market Street, Ste. 210
Santa Fe, NM 87501

*s/ filed electronically 11/16/2016*
Leslie D. Maxwell

Case 16-12829-t11    Doc 4    Filed 11/16/16    Entered 11/16/16 09:36:57 Page 7 of 7